**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| Charles D. Marshall<br><br>              Plaintiff,<br><br>vs.<br><br><br>Eau Claire County, the Estate of Ron Cramer, Cory Schalinske, Dave Riewestahl, Travis Holbrook, Ryan Greener, Chippewa County, Travis Hakes, Curt Dutton, Chad Hoyer, City of Eau Claire, Leah Berg, Matt Rokus, Bejamin Frederick, City of Altoona, Kelly Bakken, Does 1-20 and Roes 1-20<br><br>              Defendants, | Case No. |

**COMPLAINT FOR DAMAGES**

Comes Now, Plaintiff, Charles D. Marshall by and through his attorney of record, Frederick Melms, brings his Complaint for damages against Defendants Eau Claire County, Eau Claire County Sheriff's Office, the Estate of Ron Cramer, Cory Schalinske, Dave Riewestahl, Travis Holbrook, Ryan Greener, Chippewa County, Chippewa County Sheriff's Office, Travis Hakes, Curt Dutton, Chad Hoyer, City of Eau Claire, Leah Berg, Matt Rokus, Bejamin Frederick, City of Altoona, Kelly Bakken, Does 1-20 and Roes 1-20.

# <u>INTRODUCTION</u>

1.      Plaintiff Charles D. Marshall brings this civil rights action under 42 U.S.C. § 1983 to address years of unconstitutional conduct carried out by law enforcement agencies

operated by Eau Claire County, Chippewa County, the City of Eau Claire, and the City of Altoona. Plaintiff has been repeatedly targeted, harassed, and unlawfully arrested through coordinated actions within and across these municipal entities, resulting in violations of his rights under the First, Fourth, Eighth, and Fourteenth Amendments.

2.      For more than a decade, Plaintiff has endured a pattern of retaliation, fabricated evidence, excessive force, abusive jail conditions, and baseless criminal prosecutions. These violations were not isolated events. They were the foreseeable result of systemic failures within the municipal defendants' law enforcement agencies, where misconduct was tolerated, ignored, or effectively endorsed by supervisors and command staff.

3.      Plaintiff repeatedly exercised his constitutional rights by filing grievances, reporting abuse, and speaking out against unlawful treatment inside the Eau Claire County Jail and the Chippewa County Jail. Instead of addressing these concerns, staff and officers within the municipal defendants' agencies escalated their retaliation. Plaintiff was placed in solitary confinement without cause, denied basic necessities such as bedding and warmth, subjected to chemical spray inside closed cells, and targeted for new charges based on manipulated or fabricated evidence.

4.      Plaintiff also faced unconstitutional treatment outside of the jail settings. He was subjected to false arrests, the planting of evidence, fabricated investigative summaries, and manufactured narratives designed to portray him as a criminal offender. These actions were carried out by officers working within the law enforcement agencies of the municipal defendants and were part of a broader pattern of harassment that followed Plaintiff's exercise of his First Amendment rights.

5.      Plaintiff is informed and believes that senior officials and supervisors within Eau Claire County, Chippewa County, the City of Eau Claire, and the City of Altoona were repeatedly notified of misconduct through grievances, incident reports, internal complaints, and obvious inconsistencies in official records. Despite having notice of these constitutional

violations, the municipal defendants failed to intervene, failed to discipline officers, and failed to correct the unlawful practices that had taken root inside their agencies.

6.      The municipal defendants ratified the misconduct of their officers by accepting false reports, allowing prosecutions based on fabricated evidence to proceed, ignoring clear signs of retaliation, and declining to implement corrective measures. Their actions and inaction permitted unconstitutional practices to become entrenched and encouraged officers to continue engaging in unlawful conduct without fear of consequence.

7.      As a direct result of these policies, customs, and failures, Plaintiff suffered wrongful arrests, fabricated charges, physical pain, emotional trauma, prolonged confinement under harsh and degrading conditions, financial losses, reputational harm, and ongoing fear of further retaliation. Plaintiff seeks compensatory damages, punitive damages where permitted, declaratory relief, and all other remedies available under federal law to address the harm caused by the municipal defendants' unconstitutional conduct.

## JURISDICTION AND VENUE

8.      This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367 and statutory and Constitutional provisions.

9.      Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the Counties of Chippewa, Wisconsin and Eau Claire, Wisconsin within the geographic boundaries of the Western District of Wisconsin.

## PARTIES

10.      At all relevant times, Plaintiff, Charles D. Marshall (Hereinafter "Plaintiff") was an individual residing in Eau Claire and/or Chippewa Counties, in the state of Wisconsin.

11.      At all times herein mentioned, Defendant Eau Claire County was a political subdivision of the State of Wisconsin that operated, supervised, and controlled the employees,

deputies, law enforcement officers, agents, contractors, and elected officials within the Eau Claire County Sheriff's Office.

12.    Ron Cramer (hereinafter Cramer) was the Sheriff for Eau Claire County from 1996 until his death on September 13, 2022.   During his tenure he exercised decision and policy making authority over the Eau Claire County Sheriff's Office, and, while acting under color of law, participated in the acts and omissions described in this complaint that violated the rights secured to Plaintiff by the Constitution of the United State and caused the damages alleged herein. Ron Cramer is sued in his individual capacity through his estate.

13.    Defendant Cory Schalinske (Hereinafter "Schalinske") served as the acting Sheriff of Eau Claire County from September 15, 2022, through January 2023 after previously serving as Undersheriff.  During that time, he exercised decision-making and policy-making authority over the Eau Claire County Sheriff's Office and, while acting under color of law, participated in the acts and omissions described in this complaint that violated the rights secured to Plaintiff by the Constitution of the United State and caused the damages alleged herein. Prior to assuming the role of Sheriff, Cory Schalinske was a Deputy with the Eau Claire County Sheriff's Office.  Cory Schalinske is sued in his individual capacity only.

14.    Defendant Dave Riewestahl (Hereinafter "Riewestahl") is the Sheriff of Eau Claire County and has served in that capacity since January of 2023. During his tenure, he exercised decision-making and policy-making authority over the Eau Claire County Sheriff's Office and, while acting under color of law, participated in the acts and omissions described in this complaint that violated the rights secured to Plaintiff by the Constitution of the United State and caused the damages alleged herein. Prior to assuming his role as sheriff, Dave Riewestahl was a Deputy with the Eau Claire County Sheriff's Office. Dave Riewestahl is sued in both his individual capacity only.

15.    Defendant Travis Holbrook (Hereinafter "Holbrook") is employed by the Eau Claire County Sheriff's Office as Undersheriff and Captain of Field Services.  During his tenure, he exercised decision-making and policy-making authority over the Eau Claire County

-4-

Sheriff's Office and, while acting under color of law, participated in the acts and omissions described in this complaint that violated the rights secured to Plaintiff by the Constitution of the United State and caused the damages alleged herein. Travis Holbrook is sued in his individual capacity only.

16.     Defendant Ryan Greener, is employed by the Eau Claire County Sheriff's Office as a Deputy Sheriff and Detective.  During his tenure, he exercised decision-making and policy-making authority over the Eau Claire County Sheriff's Office and, while acting under color of law, participated in the acts and omissions described in this complaint that violated the rights secured to Plaintiff by the Constitution of the United State and caused the damages alleged herein. Ryan Greener is sued in his individual capacity only.

17.     Defendants Does 1 through 10 are unknown to Plaintiff, who therefore sues these Defendants under fictitious names. Plaintiff alleges that at all relevant times, Does 1 through 10 were acting under color of law and were employed by the Eau Claire County Sheriff's Office as law enforcement officers. Plaintiff further alleges that Does 1 through 10 are liable for the acts, omissions, and resulting damages described in this complaint. Plaintiff will seek leave to amend this complaint to reflect their true names and capacities once they are identified.

18.     At relevant times throughout this complaint, Eau Claire County was the employer of Defendants, Ron Cramer, Cory Schalinske, Travis Holbrook, Dave Riewestahl, Ryan Greener and Does 1-10, who were at all times herein mentioned Eau Claire County Sheriff's Office deputies, law enforcement officers and/or managerial supervisorial, and/or policymaking employees. Defendants, Ron Cramer, Cory Schalinske, Travis Holbrook, Dave Riewestahl, Deputy Ryan Greener, and Does 1-10, were at all times mentioned herein, law enforcement officers and/or managerial, supervisorial, and/or policymaking employees of Eau Claire County Sheriff's Office.

19.     At relevant times throughout this complaint, Defendants, Ron Cramer, Cory Schalinske, Travis Holbrook, Dave Riewestahl, Ryan Greener, and Does 1-10,were duly authorized employees and agents of Eau Claire County and the Eau Claire County Sheriff's Office, who were acting under color of law within the course and scope of their respective duties as law

enforcement officers and/or managerial employees and with the complete authority and ratification of their principal, Defendant Eau Claire County.

20.    At relevant times throughout this complaint, Defendants, Ron Cramer, Cory Schalinske, Travis Holbrook, Dave Riewestahl, Deputy Ryan Greener, and Does 1-10, were duly appointed officers and/or employees or agents of Eau Claire County, subject to oversight and supervision by Eau Claire County elected and non-elected officials.

21.    In doing the acts and failing and omitting to act as hereinafter described, Defendants, Defendants, Ron Cramer, Cory Schalinske, Travis Holbrook, Dave Riewestahl, Ryan Greener, and Does 1-10,were acting with the implied and actual permission and consent of Eau Claire County, The Eau Claire County Sheriff's Office, Defendants, Ron Cramer, Cory Schalinske, Travis Holbrook, and Dave Riewestahl, , and the County's managerial employees.

22.    At all times mentioned herein, each and every Eau Claire County Defendant was the agent of each and every other Eau Claire County Defendant and had a legal duty to oversee and supervise the hiring, conduct and employment of each and every other Eau Claire County defendant.

23.    At all times herein mentioned, Defendant Chippewa County was a political subdivision of the State of Wisconsin that operated, supervised, and controlled the employees, deputies, law enforcement officers, agents, contractors, and elected officials within the Chippewa County Sheriff's Office.

24.    Defendant, Travis Hakes (hereinafter Hakes) is employed by the Chippewa County Sheriff's Office as Sheriff of Chippewa County.  During his tenure, he exercised decision-making and policy-making authority over the Chippewa County Sheriff's Office and, while acting under color of law, participated in the acts and omissions described in this complaint that violated the rights secured to Plaintiff by the Constitution of the United State and caused the damages alleged herein. Travis Hakes is sued in his individual capacity only.

25.    In February 2025, the Chippewa County Board of Supervisors formally found Sheriff Travis Hakes to be dishonest and unfit for continued leadership. On February 20, 2025,

by a vote of 19 to 1, the Board passed a resolution expressing "no confidence in Chippewa County Sheriff Travis Hakes' continued leadership." The resolution further directed that all future communication between the County Board and the Sheriff's Office be routed through the Chief Deputy, effectively removing Hakes from administrative correspondence and oversight functions.

      a.      Sheriff Hakes targeted a female job applicant and subordinate through a pattern of inappropriate communications and preferential treatment. His conduct included sending her a racist, ethnically charged meme and engaging in other unprofessional behavior that created a hostile and discriminatory environment. These actions demonstrated poor judgment and abuse of authority toward an individual in a subordinate position.

      b.      The record also indicates that Hakes misrepresented his prior employment history. He claimed to have left his position as a City of Chetek police officer in good standing. However, documentation from the City of Chetek and the Chippewa County District Attorney's Office shows that Hakes actually resigned to avoid an internal investigation. That investigation concerned allegations that he made improper comments to a victim, suggesting that he could alter or delete footage from his body-worn camera.

      c.      According to an official statement by the board, Hakes's conduct has had a profoundly negative effect on the functioning of multiple county institutions, including the Sheriff's Department, the District Attorney's Office, and the Chippewa County Department of Administration. The statement further noted that his behavior raised legitimate concerns for public safety and the integrity of law enforcement operations in the county.

      d.      In December of 2024, the Chippewa County District Attorney concluded that Hakes should be placed on the Brady/Giglio list, which identifies law enforcement officers who have demonstrated dishonesty, criminal

conduct, or credibility issues that may affect their reliability as witnesses. The
District Attorney determined that, Sheriff Hakes needed to refrain from
participating in criminal investigations or handling physical evidence in any
capacity.

26.    Defendant, Curt Dutton (hereinafter "Dutton") is employed by the Chippewa
County Sheriff's Office as Chief Deputy Sheriff of Chippewa County.  During his tenure, he
exercised decision-making and policy-making authority over the Chippewa County Sheriff's
Office and, while acting under color of law, participated in the acts and omissions described in this
complaint that violated the rights secured to Plaintiff by the Constitution of the United State and
caused the damages alleged herein. Curt Dutton is sued in his individual capacity only.

27.    Defendant, Chad Hoyer (hereinafter "Hoyer") is employed by the Chippewa County
Sheriff's Office as Chief Deputy Sheriff of Chippewa County.  During his tenure, he exercised
decision-making and policy-making authority over the Chippewa County Sheriff's Office and,
while acting under color of law, participated in the acts and omissions described in this complaint
that violated the rights secured to Plaintiff by the Constitution of the United State and caused the
damages alleged herein. Curt Dutton is sued in his individual capacity only.

28.    Deputy Leah Berg (Hereinafter "Berg") is employed by the Chippewa County
Sheriff's Department as a corrections officer assigned to the Chippewa County Jail. At all relevant
times, Deputy Berg acted under color of law and within the scope of her employment as a sworn
officer of the Sheriff's Department. While acting under color of law, Berg participated in the acts
and omissions described in this complaint that violated the rights secured to Plaintiff by the
Constitution of the United State and caused the damages alleged herein. Berg is sued in her
individual capacity only.

29.    Defendants Roes 1 through 10 are unknown to Plaintiff, who therefore sues these
Defendants under fictitious names. Plaintiff alleges that at all relevant times, ROES 1 through 10
were acting under color of law and were employed by the Chippewa County Sheriff's Office as
law enforcement officers. Plaintiff further alleges that Roes 1 through 10 are liable for the acts,

omissions, and resulting damages described in this complaint. Plaintiff will seek leave to amend this complaint to reflect their true names and capacities once they are identified.

30.     At all relevant times, Chippewa County was the employer of Defendants, Travis Hakes, Curt Dutton, and Roes 1-10, who were at all times herein mentioned Chippewa County Sheriff's Office deputies, law enforcement officers and/or managerial supervisorial, and/or policymaking employees.  Travis Hakes, Curt Dutton, and Roes 1-10, were at all times mentioned herein, law enforcement officers and/or managerial, supervisorial, and/or policymaking employees of Chippewa County.

31.     At all relevant times, Travis Hakes, Curt Dutton, and Roes 1-10, were duly authorized employees and agents of Chippewa County and the Chippewa County Sheriff's Office, who were acting under color of law within the course and scope of their respective duties as law enforcement officers and/or managerial employees and with the complete authority and ratification of their principal, Defendant Chippewa County.

32.     At all relevant times, Travis Hakes, Curt Dutton, and Roes 1-10 were duly appointed officers and/or employees or agents of Chippewa County, subject to oversight and supervision by Chippewa County elected and non-elected officials.

33.     In doing the acts and failing and omitting to act as hereinafter described, Defendants, Roes 1-10 were acting with the implied and actual permission and consent of Chippewa County, The Chippewa County Sheriff's Office, Travis Hakes, and Curt Dutton, and the County's managerial employees.

34.     At all times mentioned herein, each and every Chippewa County Defendant was the agent of each and every other Chippewa County Defendant and had a legal duty to oversee and supervise the hiring, conduct and employment of each and every other Chippewas County defendant.

35.     At all times herein mentioned, Defendant City of Eau Claire was a municipal corporation organized under the laws of the State of Wisconsin that operated, the City of Eau Claire Police Department.   In that capacity the City of Eau Claire supervised, and controlled the

employees, law enforcement officers, agents, contractors, and elected officials within the Eau Claire Police Department.

36.    Defendant Matt Rokus (Hereinafter "Rokus") is the former Police Chief for the City of Eau Claire and has served in that capacity from December of 2019 through July of 2025. During his tenure, he exercised decision-making and policy-making authority over the city of Eau Claire Police Department and, while acting under color of law, participated in the acts and omissions described in this complaint that violated the rights secured to Plaintiff by the Constitution of the United State and caused the damages alleged herein. Matt Rokus is sued in both his individual capacity only.

37.    Defendant Benjamin Frederick (Hereinafter "Frederick") is the Deputy Chief of Police for the City of Eau Claire. During his tenure, he exercised decision-making and policy-making authority over the city of Eau Claire Police Department and, while acting under color of law, participated in the acts and omissions described in this complaint that violated the rights secured to Plaintiff by the Constitution of the United State and caused the damages alleged herein. Benjamin Frederick is sued in both his individual and official capacities.

38.    Defendant Derek Thomas (Hereinafter "Thomas") is the Deputy Chief of Police for the City of Eau, During his tenure, he exercised decision-making and policy-making authority over the city of Eau Claire Police Department and, while acting under color of law, participated in the acts and omissions described in this complaint that violated the rights secured to Plaintiff by the Constitution of the United State and caused the damages alleged herein. Benjamin Frederick is sued in both his individual and official capacities.

39.    Defendants Does 11 through 20 are unknown to Plaintiff, who therefore sues these Defendants under fictitious names. Plaintiff alleges that at all relevant times, Does 11 through 20 were acting under color of law and were employed by the City of Eau Claire Police Department as law enforcement officers. Plaintiff further alleges that Does 11 through 20 are liable for the acts, omissions, and resulting damages described in this complaint. Plaintiff will seek leave to amend this complaint to reflect their true names and capacities once they are identified.

40.     At all relevant times, The City of Eau Claire was the employer of Defendants, Mathew Rokus, Benjamin Frederick, Derek Thomas, and Does 11-20 who were at all times herein mentioned employees of the City of Eau Claire and the City of Eau Claire Police Department, employed as, law enforcement officers and/or managerial supervisorial, and/or policymaking employees.  Defendants, Jason Long, Mathew Rokus, Benjamin Frederick, Derek Thomas, and Does 11-20 were at all times mentioned herein, law enforcement officers and/or managerial, supervisorial, and/or policymaking employees for the City of Eau Claire.

41.     At all relevant times, Defendants, Mathew Rokus, Benjamin Frederick, Derek Thomas, and Does 11-20 were duly authorized employees and agents of the City of Eau Claire Police Department and the City of Eau Claire, who were acting under color of law within the course and scope of their respective duties as law enforcement officers and/or managerial employees and with the complete authority and ratification of their principal, Defendant Chippewa County.

42.     At all relevant times, Defendants, Jason Long, Mathew Rokus, Benjamin Frederick, Derek Thomas, and Does 11-20 were duly appointed officers and/or employees or agents of the City of Eau Claire, subject to oversight and supervision by City of Eau Claire elected and non-elected officials.

43.     In doing the acts and failing and omitting to act as hereinafter described, Defendants, Jason Long, Mathew Rokus, Benjamin Frederick, Derek Thomas,  and Does 11-20 were acting with the implied and actual permission and consent of the City of Eau Clarie, the City of Eau Claire, and the City of Eau Claire Police Department managerial employees.

44.     At all times mentioned herein, each and every City of Eau Claire Defendant was the agent of each and every other City of Eau Claire Defendant and had a legal duty to oversee and supervise the hiring, conduct and employment of each and every other City of Eau Claire Defendant.

45.     At all times herein mentioned, Defendant City of Altoona was a municipal corporation organized under the laws of the State of Wisconsin that operated, the Altoona Police Department.  In that capacity the City of Altoona supervised, and controlled the employees, law

enforcement officers, agents, contractors, and elected officials within the Eau Claire Police Department.

46.     Defendant, Kelly Bakken (hereinafter Bakken) was at all times mentioned in this complaint was the Chief of Police for the City of Altoona and exercised decision and policy making authority over the City of Altoona Police Department.  During her tenure, she exercised decision-making and policy-making authority over the city of Altoona Police Department and, while acting under color of law, participated in the acts and omissions described in this complaint that violated the rights secured to Plaintiff by the Constitution of the United State and caused the damages alleged herein. Kelly Bakken is sued in both her individual capacity only.

47.     Defendants Roes 11 through 20 are unknown to Plaintiff, who therefore sues these Defendants under fictitious names. Plaintiff alleges that at all relevant times, Roes 1 through 10 were acting under color of law and were employed by the Altoona Police Department as law enforcement officers. Plaintiff further alleges that Roes 11 through 20 are liable for the acts, omissions, and resulting damages described in this complaint. Plaintiff will seek leave to amend this complaint to reflect their true names and capacities once they are identified.

48.     At all relevant times, The City of Altoona was the employer of Defendants, Roes 11-20, who were at all times herein mentioned City of Altoona, law enforcement officers and/or managerial supervisorial, and/or policymaking employees.  Roes 11-20 were at all times mentioned herein, law enforcement officers and/or managerial, supervisorial, and/or policymaking employees of the city of Altoona.

49.     At all relevant times, Roes 11 through 20 were duly authorized employees and agents of the City of Altoona and the City of Altoona Police Department, who were acting under color of law within the course and scope of their respective duties as law enforcement officers and/or managerial employees and with the complete authority and ratification of their principal, Defendant City of Altoona

50.     At all relevant times, Roes 11 through 20 were duly appointed officers and/or employees or agents of the City of Altoona subject to oversight and supervision by the City of Altoona elected and non-elected officials.

51.     In doing the acts and failing and omitting to act as hereinafter described, Defendants, Roes 11 through 20 were acting with the implied and actual permission and consent of the City of Altoona, The City of Altoona Police Department, Chief Kelly Bakken, and the City's managerial employees.

52.     At all times mentioned herein, each and every Altoona Defendant was the agent of each and every other Altoona Defendant and had a legal duty to oversee and supervise the hiring, conduct and employment of each and every other Altoona defendant.

53.     At all times relevant to this complaint, each and every individual and municipal Defendant participated in and acted in furtherance of a conspiracy to deprive Plaintiff of rights secured by the Constitution of the United States. The acts, omissions, and decisions of each and every Defendant named in this complaint were taken in concert and with a shared understanding and intent to violate Plaintiff's rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, including but not limited to Plaintiff's rights to free expression, due process, equal protection, and freedom from unreasonable searches, seizures, and cruel or unusual punishment.

## Facts Common to All Claims for Relief.

54.     Plaintiff has a long and difficult history with the criminal justice system in Eau Claire and Chippewa Counties. Over the years, he has been subjected to repeated violations of his constitutional rights by law enforcement officers, jail staff, and other officials acting under color of law. These violations have included the use of excessive and unnecessary force during arrests, detentions, and transport; the fabrication and concealment of evidence to secure wrongful charges or convictions; and the presentation of knowingly false testimony in judicial proceedings.

55.     While in custody, Plaintiff was subjected to harsh and unreasonable conditions that served no legitimate penological purpose, including prolonged isolation, denial of necessary medical care, and exposure to unsafe and unsanitary environments. When Plaintiff attempted to report these abuses and file grievances, Defendants conspired to retaliate against him for exercising his constitutional rights. This retaliation included verbal threats, harassment, punitive housing assignments, the referral of baseless criminal charges, false arrests, fabricated testimony, and the planting of evidence intended to discredit and punish him.

56.     Through this ongoing pattern of misconduct, officials in both counties intentionally violated Plaintiff's constitutional rights and caused him physical injury. The cumulative impact of these actions has inflicted severe physical, emotional, and reputational harm, undermined his faith in the justice system, and left lasting damage to his health, well-being, and ability to maintain a stable livelihood.

57.     From 2011 through March 2025, Plaintiff was held in the custody of the Eau Claire County Jail on numerous occasions. Throughout those periods of confinement, Plaintiff regularly exercised his right to petition his government by filing formal complaints against the Eau Claire County Sheriff's Office and jail staff for serious and ongoing misconduct. These complaints detailed repeated acts of excessive force, the abuse of inmates, and violations of basic civil and human rights. Plaintiff observed and personally experienced officers beating inmates, including individuals who were already restrained, falsifying incident reports, providing false testimony under oath, and using chemical agents such as pepper spray inside cells without justification. Despite the frequency and seriousness of these reports, the misconduct continued unchecked, with supervisors and administrators failing to intervene or impose discipline.

58.     During the winter of 2011, Plaintiff was placed in solitary confinement, commonly referred to as "the hole," without legitimate cause or due process. While confined there, he was subjected to cruel and degrading treatment. Jail staff denied him a mattress and blankets, even though the window to his cell was left open to the elements, causing the

temperature inside to drop well below room temperature. Officers also threatened him with a taser, further compounding the psychological distress of isolation. Plaintiff followed the proper grievance procedures and filed formal complaints with both state and federal agencies regarding his treatment, but no meaningful investigation or corrective action was ever taken.

59.     After filing these complaints, Plaintiff continued to exercise his First Amendment rights by protesting his conditions of confinement and speaking out against the inhumane treatment he and others endured. Corrections officers responded with hostility rather than addressing the underlying issues. During one such protest, staff deliberately opened the small pass-through door of his solitary confinement cell, an opening meant for delivering food, books, or paperwork, and discharged pepper spray directly into the cell. They then shut the door, trapping Plaintiff in the contaminated air for hours. This was done in direct retaliation for Plaintiff's attempts to engage in constitutionally protected expression and to hold officials accountable for their misconduct.

60.     During another period of incarceration in 2015, Plaintiff was attacked by his cellmate and forced to defend himself. Despite his efforts to protect his safety, Eau Claire County corrections officers responded by fabricating reports that portrayed Plaintiff as the aggressor. They falsely claimed that he was the one who initiated the fight and further misrepresented the extent of his injuries, reporting that he was uninjured even though he sustained visible harm during the incident. These false statements were intended to shield the officers and the institution from liability and to punish Plaintiff for defending himself.

61.     Plaintiff filed a grievance regarding the false reporting and misconduct that followed the 2015 altercation and pursued the appeal process to completion. Despite the clear evidence of wrongdoing, none of the involved officers were disciplined, and the incident was effectively covered up. The failure to address his grievance reinforced the ongoing culture of impunity within the Eau Claire County Jail and Sheriff's Office.

62.     In 2018, Plaintiff was confronted by officers from the Eau Claire Police Department while seated in his car at a gas station. Without probable cause or legal

justification, the officers forcibly pulled him from his vehicle, grabbing and dragging him to the ground. They later claimed that Plaintiff had jumped from the car and attacked them, a statement that was entirely false. Plaintiff's attorney later obtained surveillance footage from a nearby Kwik Trip, which conclusively disproved the officers' version of events and confirmed that Plaintiff had remained calm and compliant throughout the encounter.

63.    After this incident, Plaintiff filed a formal complaint against Officer Greener with the Eau Claire County Sheriff's Office. Despite the seriousness of the allegations and the availability of clear video evidence, the internal investigation was incomplete and biased. Only select portions of the evidence were collected, while key materials that would have corroborated Plaintiff's account were ignored or withheld from review. The failure to conduct a proper investigation demonstrated the ongoing pattern of institutional misconduct and the unwillingness of law enforcement agencies in Eau Claire County to hold their officers accountable for civil rights violations.

64.    Plaintiff has similarly filed complaints in the Chippewa County Jail regarding the misconduct of law enforcement officers and the conditions of confinement.

65.    Shortly after filing his complaints against various employees of the Eau Claire County Sheriff's Department in 2011, Plaintiff was transferred to the Chippewa County Jail. While at the Chippewa County Jail, the Chippewa County Jail staff continued Eau Claire's campaign of retaliation against Plaintiff. Chippewa county immediately took Plaintiff to a segregation cell, where they intentionally served him contaminated food, which contained the skeleton of an unknown animal. Chippewa County staff watched Mr. Marshall as the food was served to him to enjoy their retaliation.

66.    Around that same time, Chippewa County Jail Staff intentionally placed Plaintiff within reach of a white inmate who intended to do racially motivated harm to Mr. Marshall who is black. Jail staff also needlessly threatened Plaintiff with a Taser.

67.    Plaintiff was reincarcerated in January of 2025, at the Chippewa County Jail. After his arrival Plaintiff exercised his First Amendment protected right to petition his

government for a redress of grievances. He specifically focused on the racial discrimination he had faced or was facing while confined. Defendant Berg and Roes 1-10 confined Plaintiff in retaliation for the grievances and told Plaintiff that if he continued to exercise his first amendment right to criticize the racism within the jail, he would be remain in solitary confinement for 30 days.

68.    Plaintiff also faced violations of his constitutional rights outside of the county jails through false arrests, planted evidence, and a targeted campaign of harassment.

69.    In State of *Wisconsin v. Charles D. Marshall*, Chippewa County Case No. 2023CF000321, Defendants from the Chippewa County Sheriff's Department and affiliated law enforcement agencies engaged in a coordinated effort to target Plaintiff without lawful justification. Acting in concert with private individuals, including "Trish" and her associates, Defendants manipulated events and fabricated evidence to create the appearance of criminal conduct where none occurred. Their actions were not driven by any legitimate law enforcement objective and instead represented a continuation of the pattern of retaliation and harassment Plaintiff has experienced because of his prior complaints about official misconduct and his protected speech criticizing law enforcement.

70.    "Trish" shared a mutual friend "Wendy" with Chippewa County Deputy Police Chief Chad Hoyer. Prior to the incident, Wendy made statements indicating that she could leverage her connection with Hoyer to cause problems for Plaintiff if he ever broke "Trish's" heart. Unfortunately for Plaintiff the relationship was short and ended contentiously. And upon information and belief "Wendy put her plan into action".

71.    In June 2023, after the relationship had ended, Plaintiff returned to Trish's home to retrieve his vehicle, which had broken down and required towing. Plaintiff contacted a tow truck and waited near the residence. Trish called law enforcement, and responding officers directed Plaintiff to wait across the street while he awaited the tow.

72.    Plaintiff did as law enforcement asked and law enforcement left Plaintiff to wait for a tow truck. Plaintiff eventually left the area and upon information and belief Trish

contacted Wendy, who contacted Hoyer.  Hoyer then conspired with Trish and his codefendants to frame Plaintiff for possessing a firearm while a felon.

73.     Later that evening and well after Plaintiff had left Trish's neighborhood.  Trish contacted Plaintiff again and insisted that he return to her home. When Plaintiff arrived, Trish was dressed provocatively and wearing very little clothing. Moments later, Defendant Roes 1-20 and Roes 1-20 other member law enforcement knocked on her door and arrested Plaintiff.

74.     Does 1-20, Roes 1-20, and other members of Law enforcement then searched Trish's home.  During the search Defendants and/or other members of law enforcement found a firearm in a pizza box. Defendants and/or other members of law enforcement alleged that the firearm belonged to Plaintiff.

75.     Plaintiff had no connection to the weapon and upon information and belief, the weapon was either planted by Trish at the direction of Deputy Chief Hoyer or planted directly by Hoyer or one of his codefendants.

76.     Hoyer along with other Defendants planned and coordinated Plaintiff's false arrest and the baseless prosecution that followed. They used Trish to lure Plaintiff back to her home and planted evidence to make it appear that he had committed a crime. Defendants then relied on this false evidence and manipulated witness statements to support charges that had no factual basis. Through these actions, they abused their authority, violated Plaintiff's constitutional rights, and continued their pattern of retaliation against him. The charges in Chippewa County Case No. 2023CF000321 were later dismissed and read in on December 19, 2024, when Plaintiff resolved an unrelated case, Chippewa County Case No. 24CF000064.

77.     Plaintiff was also the subject of a meritless criminal prosecution in State of *Wisconsin v. Charles D. Marshall,* Eau Claire County Case No. 2022CF001149 initiated by Defendant Greener.

78.     Upon information and belief, Detective Ryan Greener, Does 1-20, Roes 1-20 and other Defendants targeted Plaintiff during the stolen firearm investigation in direct response to the complaints Plaintiff had filed against Greener in prior years. Plaintiff had

repeatedly reported Greener's misconduct, including excessive force, false statements, and abusive treatment during earlier encounters. Greener was aware of these complaints and viewed Plaintiff as a threat to his reputation and standing within the Sheriff's Office. Instead of recusing himself or conducting an impartial investigation, Greener used the investigation as an opportunity to retaliate. He created false associations between Plaintiff and unrelated individuals, inserted fabricated details into police reports, and shaped the investigation to portray Plaintiff as responsible for the stolen firearm. Greener's actions were motivated not by legitimate investigative work, but by personal animus and a desire to punish Plaintiff for challenging his prior misconduct.

79.     Plaintiff was charged with two counts of felon in possession of a firearm, one count of receiving a stolen firearm, and one count of possession of body armor by a felon. Defendant Greener and Does 1 through 10 conducted the investigation that led to these charges and played a central role in shaping the narrative that supported the prosecution.

80.     During the investigation, Defendant Greener created a false link between Plaintiff and the theft of a firearm that was recovered from the home of a woman with whom Plaintiff had only a brief romantic relationship. Plaintiff had no personal connection to the individual who owned the stolen firearm and body armor and no connection to the individuals who actually stole the recovered firearm.

81.     Defendant Greener, Does 1-20 and Roes 1-20 fabricated these false connections in an effort to create the appearance of probable cause. They inserted false and misleading information into police reports to make it appear as though Plaintiff had possessed a firearm, received a stolen firearm, or possessed body armor when he had done none of those things.

82.     No legitimate probable cause ever existed to support the allegations against Plaintiff. The charges rested entirely on the false narrative constructed by Defendant Greener and the Doe Defendants through fabricated relationships, false reports, and misleading investigative summaries.

83. Defendant Greener further testified falsely about Plaintiff at the preliminary hearing. Without Greener's false reports, false testimony, and the fabricated evidence, Plaintiff would not have faced criminal charges in Eau Claire County Case No. 2022CF001149.

84. Greener's unconstitutional conduct continued for years afterward and as trial approached, Defendant Greener undertook efforts to pressure and manipulate witnesses in order to create testimony that would strengthen the State's case against Marshall.

85. The case ultimately collapsed however, and on October 21, 2025, the charges were dismissed.

86. Additionally, Over the past decade, Plaintiff has been the subject of an unusual number of traffic and municipal prosecutions concentrated in Eau Claire County and Chippewa County, Wisconsin. The list below contains more than fifty such cases from 2015 through 2025. The number, frequency, and repetitive nature of these prosecutions set Mr. Marshall's experience apart from that of ordinary residents and suggest a pattern of targeted enforcement rather than neutral law enforcement discretion.

87. These citations listed below were initiated by Defendants Does 1-20 and Roes 1-20. Taken together, they reveal a consistent pattern of selective prosecution and harassment that forms part of the factual foundation for this civil rights complaint.

    a. *City of Eau Claire vs. Charles D. Marshall*, Eau Claire County Case Number 2015TR010482 filed on 11-05-2015.

    b. *Eau Claire County vs. Charles D. Marshall*, Eau Claire County Case Number 2015TR009166 filed on 09-25-2015.

    c. *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2018TR001171 filed on 02-13-2018.

    d. *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2018TR001172 filed on 02-13-2018.

    e. *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2018TR001173 filed on 02-13-2018.

      f.     *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2018TR001174 filed on 02-13-2018.

      g.     *State of Wisconsin vs. Charles Derrell Marshall*, Chippewa County Case Number 2018TR002250 filed on 04-23-2018.

      h.     *State of Wisconsin vs. Charles Derrell Marshall*, Chippewa County Case Number 2018TR002251 filed on 04-23-2018.

      i.     *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2018TR004376 filed on 05-24-2018.

      j.     *Eau Claire County vs. Charles Derrell Marshall*, Eau Claire County Case Number 2019TR006199 filed on 07-15-2019.
*Eau Claire County vs. Charles Derrell Marshall*, Eau Claire County Case Number 2019TR006200 filed on 07-15-2019.

      k.     *Eau Claire County vs. Charles Derrell Marshall*, Eau Claire County Case Number 2019TR006201 filed on 07-15-2019.

      l.     *City of Chippewa Falls vs. Charles Derrell Marshall*, Chippewa County Case Number 2020TR001950 filed on 07-29-2020.

      m.     *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2020TR005048 filed on 07-28-2020.

      n.     *City of Chippewa Falls vs. Charles Derrell Marshall*, Chippewa County Case Number 2021TR000149 filed on 01-11-2021.

      o.     *State of Wisconsin vs. Charles Derrell Marshall*, Chippewa County Case Number 2021TR003978 filed on 09-13-2021.

      p.     *City of Chippewa Falls vs. Charles Derrell Marshall*, Chippewa County Case Number 2021TR004913 filed on 11-12-2021.

      q.     *State of Wisconsin vs. Charles Derrell Marshall*, Eau Claire County Case Number 2021TR002313 filed on 03-29-2021.

r. *State of Wisconsin vs. Charles Derrell Marshall*, Eau Claire County Case Number 2021TR003367 filed on 05-04-2021.

s. *State of Wisconsin vs. Charles Derrell Marshall*, Eau Claire County Case Number 2021TR003368 filed on 05-04-2021.

t. *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2021TR003446 filed on 05-06-2021.

u. *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2021TR003673 filed on 05-13-2021.

v. *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2021TR004266 filed on 06-02-2021.

w. *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2021TR004267 filed on 06-02-2021.

x. *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2021TR006319 filed on 08-03-2021.

y. *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2021TR006399 filed on 08-06-2021.

z. *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2021TR006400 filed on 08-06-2021.

aa. *City of Chippewa Falls vs. Charles Derrell Marshall*, Chippewa County Case Number 2022TR002945 filed on 06-03-2022.

bb. *City of Chippewa Falls vs. Charles Derrell Marshall*, Chippewa County Case Number 2022TR003117 filed on 06-13-2022.

cc. *Village of Lake Hallie vs. Charles Derrell Marshall*, Chippewa County Case Number 2022TR003232 filed on 06-20-2022.

dd. *Village of Lake Hallie vs. Charles Derrell Marshall*, Chippewa County Case Number 2022TR003233 filed on 06-20-2022.

ee.    *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2022TR003305 filed on 05-09-2022.

ff.    *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2022TR003765 filed on 05-25-2022.

gg.    *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2022TR003766 filed on 05-25-2022.

hh.    *State of Wisconsin vs. Charles D. Marshall*, Eau Claire County Case Number 2022TR004395 filed on 06-16-2022.

ii.    *State of Wisconsin vs. Charles D. Marshall*, Eau Claire County Case Number 2022TR004396 filed on 06-16-2022.

jj.    *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2022TR004976 filed on 07-11-2022.

kk.    *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2022TR006025 filed on 08-15-2022.

ll.    *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2022TR006026 filed on 08-15-2022.

mm.    *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2022TR006322 filed on 08-25-2022.

nn.    *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2022TR006323 filed on 08-25-2022.

oo.    *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2022TR006499 filed on 09-01-2022.

pp.    *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2022TR006500 filed on 09-01-2022.

qq.    *City of Eau Claire vs. Charles Marshall*, Eau Claire County Case Number 2022TR009197 filed on 12-02-2022.

rr.    *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2023TR000232 filed on 01-06-2023.

ss.    *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2023TR000233 filed on 01-06-2023.

tt.    *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2023TR000234 filed on 01-06-2023.

uu.    *State of Wisconsin vs. Charles Derrell Marshall*, Eau Claire County Case Number 2023TR000548 filed on 01-17-2023.

vv.    *State of Wisconsin vs. Charles Derrell Marshall*, Eau Claire County Case Number 2023TR000549 filed on 01-17-2023.

ww.    *Eau Claire County vs. Charles Derrell Marshall*, Eau Claire County Case Number 2023TR000781 filed on 01-24-2023.

xx.    *Eau Claire County vs. Charles Derrell Marshall*, Eau Claire County Case Number 2023TR000782 filed on 01-24-2023.

yy.    *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2023TR001009 filed on 02-01-2023.

zz.    *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2023TR001010 filed on 02-01-2023.

aaa.    *City of Chippewa Falls vs. Charles Derrell Marshall*, Chippewa County Case Number 2023TR005251 filed on 10-09-2023.

bbb.    *City of Chippewa Falls vs. Charles Derrell Marshall*, Chippewa County Case Number 2023TR005421 filed on 10-20-2023.

ccc.    *Village of Lake Hallie vs. Charles Derrell Marshall*, Chippewa County Case Number 2023TR005595 filed on 11-02-2023.

ddd.    *Village of Lake Hallie vs. Charles Derrell Marshall*, Chippewa County Case Number 2023TR005596 filed on 11-02-2023.

eee.　*City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2023TR008484 filed on 11-06-2023.

fff.　*City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2023TR008485 filed on 11-06-2023.

ggg.　*Eau Claire County vs. Charles Derrell Marshall*, Eau Claire County Case Number 2024TR000756 filed on 01-29-2024.

hhh.　*Eau Claire County vs. Charles Derrell Marshall*, Eau Claire County Case Number 2024TR000757 filed on 01-29-2024

iii.　*Village of Lake Hallie vs. Charles Derrell Marshall*, Chippewa County Case Number 2024TR000904 filed on 02-15-2024.

jjj.　*Village of Lake Hallie vs. Charles Derrell Marshall*, Chippewa County Case Number 2024TR000905 filed on 02-15-2024.

kkk.　*Village of Lake Hallie vs. Charles Derrell Marshall*, Chippewa County Case Number 2024TR000906 filed on 02-15-2024.

lll.　*City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2024TR001954 filed on 03-11-2024.

mmm.　*City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2024TR001955 filed on 03-11-2024.

nnn.　*Village of Fall Creek vs. Charles Derrell Marshall*, Eau Claire County Case Number 2024TR003934 filed on 05-14-2024.

ooo.　*Eau Claire County vs. Charles Derrell Marshall*, Eau Claire County Case Number 2024TR009589 filed on 11-05-2024.

ppp.　*Eau Claire County vs. Charles Derrell Marshall*, Eau Claire County Case Number 2024TR009590 filed on 11-05-2024.

qqq.　*City of Altoona vs. Charles Derrell Marshall*, Eau Claire County Case Number 2024TR009929 filed on 11-18-2024.

rrr.    *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2024TR010121 filed on 11-25-2024.

sss.    *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2024TR010122 filed on 11-25-2024.

ttt.    *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2024TR010158 filed on 11-25-2024.

uuu.    *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2025TR001628 filed on 02-27-2025.

vvv.    *County of Chippewa vs. Charles Derrell Marshall*, Chippewa County Case Number 2025TR001999 filed on 06-10-2025.

www.  *County of Chippewa vs. Charles Derrell Marshall*, Chippewa County Case Number 2025TR002084 filed on 06-16-2025.

xxx.    *City of Eau Claire vs. Charles Derrell Marshall*, Eau Claire County Case Number 2025TR003754 filed on 05-06-2025.*

88.    The acts described in this complaint were not isolated incidents by individual officers, but part of a coordinated effort by multiple agencies and policymakers to target him because of his race, his history of filing grievances, and his speech criticizing law enforcement. Eau Claire County, Chippewa County, the City of Eau Claire, and the City of Altoona, through their sheriffs, police chiefs, chief deputies, and jail supervisors, knew of Plaintiff's repeated complaints about excessive force, inhumane jail conditions, and official misconduct. Rather than correcting these abuses, they allowed and encouraged their subordinates to retaliate against Plaintiff, to discredit him, and to silence his efforts to seek redress.

89.    Through their shared policies, joint operations, and repeated interactions with Plaintiff, the individual Defendants developed a common understanding that Mr. Marshall was to be treated as a problem to be managed rather than as a citizen entitled to constitutional protections. Supervisory officials in the Eau Claire County Sheriff's Office, the Chippewa County Sheriff's Office, the Eau Claire Police Department, and the Altoona Police Department

knew that officers under their command were using excessive force, fabricating reports, planting evidence, pursuing baseless charges against Plaintiff, and regularly violating the rights secured to Plaintiff by the First, Fourth, Fifth, and Fourteenth Amendment. They did not intervene to stop this conduct. Instead, they ratified it by failing to discipline officers, by relying on obviously flawed reports in charging decisions, and by continuing to use the same officers in cases involving Plaintiff despite their known credibility problems.

90.     The pattern of conduct described above shows that the various Defendants agreed, either expressly or tacitly, to use their official powers to punish Plaintiff for exercising his constitutional rights. The unconstitutional treatment in two different jails, the repetition of nearly identical tactics in different jurisdictions, the exploitation of his personal relationships to set him up for new charges, and the sheer volume of traffic and municipal prosecutions brought against him all support a reasonable inference that the Defendants acted in concert rather than by coincidence. The timing of key events, including retaliatory charges and harsh jail conditions that followed his grievances and complaints, further demonstrates that these actions were coordinated responses to his protected activity.

91.     Plaintiff is informed and believes that supervisors and policymakers across the involved agencies allowed the coordinated misconduct described in this complaint to occur by failing to provide meaningful oversight, guidance, or intervention. These officials controlled hiring, case assignments, and operational decisions, yet they permitted officers under their command to engage in coordinated actions that influenced investigations and prosecutions involving Plaintiff. By allowing these officers to act without proper supervision and by enabling joint operations across multiple jurisdictions without adequate safeguards, the supervising Defendants contributed to and furthered the conspiracy. Their decisions and omissions created the conditions that allowed the violations of Plaintiff's constitutional rights to take place.

92.     As a result of this agreement and concerted action, Plaintiff was subjected to unlawful arrests, excessive force, planted and fabricated evidence, retaliatory prosecutions, and

inhumane conditions of confinement across multiple facilities and jurisdictions. These acts were carried out pursuant to a shared plan to chill his speech, punish him for seeking accountability, and portray him as a chronic offender so that future abuses would appear justified. In doing so, Defendants conspired to and did deprive Plaintiff of his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

93.    The conduct of each and every Defendant has caused concrete and lasting harm to Plaintiff's body, mind, finances, and day-to-day life. As a result of unlawful arrests, fabricated evidence, and false accusations, Plaintiff has spent significant periods in custody, missed work, and lost employment opportunities. He has incurred court costs, fines, attorney's fees, towing and impound charges, and other expenses that he cannot afford. The use of force, chemical agents, and harsh jail conditions has caused him physical pain, breathing problems, headaches, and sleep disruption, along with ongoing anxiety, panic, and difficulty trusting others. The repeated targeting and retaliation have made it difficult for Plaintiff to secure and keep steady work and housing and have interfered with his ability to maintain family and personal relationships.

94.    The misuse of police authority to target Plaintiff has stripped Plaintiff of meaningful access to constitutional protections, leaving him fearful that any attempt to assert his rights or report misconduct will result in new charges or harsher treatment. These abuses have chilled his speech, discouraged him from seeking help from law enforcement or the courts, and left him living in a state of constant instability and fear.

**FIRST CLAIM FOR RELIEF**
**False Arrest and False Imprisonment under 42 U.S.C. § 1983**
**(Against All Individual Defendants)**

95.    PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 94 of this Complaint with the same force and effect as if fully set forth herein.

96.    At all relevant times, each Defendant acted under color of state law and within the scope of their authority as deputies, detectives, officers, or supervisory personnel for Eau Claire County, Chippewa County, the City of Eau Claire, or the City of Altoona.

97.    Plaintiff had a clearly established right to be free from unreasonable seizures and to be arrested only upon probable cause. Defendants violated this right by subjecting him to multiple arrests that were not supported by any lawful basis and were instead the result of fabricated evidence, false reports, retaliatory motives, and coordinated efforts to target and discredit him.

98.    Plaintiff was repeatedly restrained and taken into custody against his will and without probable cause including:

a.    **The 2018 Eau Claire arrest:**

In 2018 Officers from the Eau Claire Police Department approached Plaintiff while he was sitting calmly in his vehicle at a gas station. Without warning, justification, or any observable criminal conduct, officers forcibly pulled him from the vehicle, dragged him to the ground, and arrested him. They later claimed he had jumped from the car and attacked them, a statement Plaintiff's attorney disproved with surveillance footage from a nearby Kwik Trip. Plaintiff had committed no crime, and officers had no reason to believe he posed a threat or had violated any law.

b.    **Eau Claire County Case Number 2022CF001149:**

Plaintiff was arrested and charged with two counts of felon in possession of a firearm, one count of receiving a stolen firearm, and one count of possession of body armor by a felon. There was never any probable cause that Plaintiff committed any of the alleged crimes.  Instead, Defendant Greener and his codefendants fabricated a link between Plaintiff and a firearm recovered from

the home of a woman with whom Plaintiff had only a brief and insignificant romantic relationship. The weapon and body armor at the center of the case was not recovered in Plaintiff's possession.  Plaintiff's connections to the owner of the home and the owner of firearm and body armor were at most incredibly limited.  Consequently, Greener and others constructed false relationships, inserted fabricated details into police reports, and created a false narrative that made it appear as though Plaintiff had possessed the body armor and stolen firearm. Greener later testified falsely at the preliminary hearing to support these baseless charges. Plaintiff had to defend himself against the false charges for these false charges for 3 years before they were dismissed.

### c.    Chippewa County Case No. 2023CF000321

After a brief and contentious relationship with a woman he had been seeing, Plaintiff returned to her residence only to retrieve his malfunctioning vehicle so it could be towed. He contacted a tow truck and waited near the home as instructed by law enforcement. Later that evening, the woman contacted Plaintiff again and repeatedly insisted that he return to the residence. When he arrived, she was dressed provocatively and wearing very little clothing. Moments later, Chippewa County deputies appeared at the home and arrested Plaintiff even though he had committed no misconduct. Deputies then searched the residence and claimed to discover a firearm hidden inside a pizza box. Plaintiff had no connection to the firearm, had never possessed it, and was not inside the residence when the weapon was allegedly handled or placed there. Upon information and belief, the firearm was planted either by the woman at the direction of Deputy Chief Chad Hoyer or by Hoyer or other officers themselves.  Due to the unconstitutional conduct of Defendants Plaintiff was arrested, jailed and ultimately charged with felon in possession of a firearm, but the charge was later dismissed.

99.     Each of these arrests occurred without probable cause and resulted from deliberate misconduct by Defendants. Their actions included fabricating relationships, planting physical evidence, manipulating witness statements, and inserting false information into official reports. Through these tactics, Defendants created a false narrative that portrayed Plaintiff as a criminal even though no legitimate evidence supported such a portrayal.

100.    At the time of each arrest, Defendants had no reliable information that Plaintiff possessed firearms, received stolen property, wore body armor, threatened anyone, assaulted anyone, or committed any other crime. The supposed grounds for these arrests were the product of coordinated manipulation rather than lawful investigation.

101.    Defendants acted intentionally and knew that their reports, statements, and accounts were false. The evidence used to link Plaintiff to criminal activity was fabricated or planted, and the statements offered to justify the arrests were knowingly misleading.

102.    As a direct result of these unlawful arrests, Plaintiff was taken to jail, booked, and held under restrictive and punitive conditions. He was required to post cash bail that he could not afford, struggled under court-imposed bond conditions, and was forced to defend himself against charges that were entirely false or manufactured. Plaintiff spent significant time preparing for hearings, appearing in court, and responding to allegations that lacked any factual basis. These arrests disrupted his daily life, caused financial strain, and created ongoing legal burdens that would not have existed but for Defendants' fabricated evidence and unlawful conduct.

103.    Plaintiff also suffered severe emotional distress, fear, anxiety, humiliation, and trauma resulting from repeated encounters with law enforcement who targeted him without

cause. He developed a persistent distrust of the justice system and fear that any interaction with police would lead to new false charges.

104.  Defendants are liable for false arrest and false imprisonment because while acting under the color of law they personally participated in, directed, or knowingly approved the unlawful conduct that resulted in Plaintiff being seized and detained without probable cause.

105.  The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

106.  Plaintiff brings this claim and seeks all available remedies under state and federal law, including but not limited to, compensatory and punitive damages, costs, fees, and attorneys fees under 42 U.S.C. § 1983.

## SECOND CLAIM FOR RELIEF
### First Amendment Retaliation under 42 U.S.C. § 1983
(Against All Individual Defendants)

107.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 107 of this Complaint with the same force and effect as if fully set forth herein.

108.    Plaintiff exercised rights guaranteed by the First Amendment of the United States Constitution by filing written grievances, reporting misconduct by law enforcement officers, challenging the treatment of inmates, and speaking out about abusive and discriminatory practices inside both the Eau Claire County Jail and the Chippewa County Jail. Plaintiff also filed specific complaints against Detective Ryan Greener following a 2018 incident in which Greener used excessive force, pulled Plaintiff from his vehicle without justification, and submitted false reports that misrepresented Plaintiff as the aggressor.

Plaintiff's grievances identified Greener's conduct as unlawful and requested internal review and corrective action.

109.    Upon information and belief, Greener became aware of these complaints through departmental reporting systems. Greener viewed these grievances as a threat to his credibility and as a personal challenge to his authority. Instead of responding through appropriate procedures, Greener developed animosity toward Plaintiff and sought opportunities to retaliate against him. This retaliatory intent played a direct role in Greener's later conduct during the stolen firearm investigation and his false testimony in the related prosecution.

110.    In response to Plaintiff's protected speech, Defendants engaged in a long-running pattern of retaliatory conduct designed to silence Plaintiff, punish him for asserting his rights, and deter him from filing additional complaints. Jail staff, deputies, detectives, and supervisory officials coordinated adverse actions that followed closely after each grievance, report, or complaint submitted by Plaintiff.

111.    Defendants retaliated against Plaintiff by placing him in solitary confinement without legitimate cause. While in isolation, Plaintiff was denied basic necessities, including a mattress and blankets, even during cold winter months when the cell window allowed cold air into the room. On at least one occasion, officers opened the food trap on his solitary cell, sprayed chemical agents directly inside, and then sealed the door, trapping Plaintiff in the contaminated space for hours.

112.    Defendants further retaliated by preparing false incident reports that portrayed Plaintiff as disruptive, violent, or noncompliant, even when he was cooperative, calm, or seeking assistance. These manufactured reports were then used to justify additional

punishment, harsher cell assignments, denial of privileges, and referrals for new criminal charges.

113.    Greener escalated this ongoing retaliation by targeting Plaintiff in the stolen firearm investigation. Upon information and belief, Greener used the investigation as a means to punish Plaintiff for the 2018 complaints and for his continued reports of misconduct. Greener fabricated a false link between Plaintiff and a stolen firearm, created nonexistent relationships between Plaintiff and unrelated individuals, inserted false and misleading information into official reports, and later testified falsely at the preliminary hearing in Eau Claire County Case No. 2022CF001149. These actions were intended to harm Plaintiff, discredit him, and discourage him from filing further grievances about law enforcement misconduct.

114.    Defendants also pursued arrests and criminal charges that lacked any factual or legal basis. These arrests relied on fabricated evidence, manipulated witness statements, and invented narratives that served no purpose other than to retaliate against Plaintiff for exercising his First Amendment rights. The repeated arrests, searches, and charges were designed to intimidate Plaintiff and to burden him with financial, legal, and personal consequences.

115.    The retaliatory conduct described above would deter a person of ordinary firmness from exercising First Amendment rights. Plaintiff was repeatedly made to understand that any attempt to report misconduct would be met with harsher punishment, fabricated allegations, and escalating criminal consequences. Officers directly referenced his complaints when threatening him, and staff made statements indicating that continued grievances would result in more time in isolation or additional charges.

116.    Plaintiff's protected speech was a motivating factor in Defendants' conduct. The timing of the retaliation, the direct references to his grievances, and the escalation of adverse actions immediately after Plaintiff exercised his First Amendment rights demonstrate a clear connection between Plaintiff's protected activity and Defendants' retaliatory actions.

117.    As a result of Defendants' retaliation, Plaintiff suffered physical harm, emotional trauma, prolonged isolation, fear of further reprisals, financial strain, and long-term damage to his ability to advocate for himself or report misconduct. Plaintiff continues to experience the consequences of this retaliatory campaign and has suffered violations of his constitutional rights that entitle him to relief under 42 U.S.C. § 1983.

118.    The retaliation also caused significant legal and financial burdens. Plaintiff was forced to defend himself against false allegations, endure unnecessary court proceedings, and comply with bond conditions that would not have existed but for Defendants' retaliatory conduct.

119.    Defendants are liable under 42 U.S.C. § 1983 because they took retaliatory actions and injured Plaintiff in response to Plaintiff's protected speech, and their conduct directly caused Plaintiff to suffer constitutional, physical, emotional, and financial harm.

120.  The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

121.    Plaintiff brings this claim and seeks all available remedies under state and federal law, including but not limited to, compensatory and punitive damages, costs, fees, and attorneys fees under 42 U.S.C. § 1988.

### THIRD CLAIM FOR RELIEF

**Conspiracy to Violate Civil Rights under 42 U.S.C. § 1985(3)**
(Against All Individual Defendants)

122.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 121 of this Complaint with the same force and effect as if fully set forth herein.

123.    Plaintiff brings this claim under 42 U.S.C. § 1985(3). At all relevant times, each Defendant acted under color of state law and participated, directly or indirectly, in a coordinated effort to target Plaintiff, interfere with his constitutional rights, and deprive him of equal protection under the law.

124.    Defendants in Eau Claire County, Chippewa County, the City of Eau Claire, and the City of Altoona formed an agreement, whether formally or informally, to pursue Plaintiff through fabricated allegations, false reports, planted evidence, retaliatory arrests, and manipulative investigative practices. Their conduct shows a shared intent to punish Plaintiff for reporting misconduct, for filing grievances, and for speaking out about racial discrimination and abusive treatment in local jails.

125.    This conspiracy took shape over several years and involved repeated communication and cooperation among agencies. Officers shared information about Plaintiff, coordinated arrests across jurisdictions, and pursued overlapping narratives that portrayed Plaintiff as dangerous or deceptive even when no evidence supported these claims. The same patterns of misconduct surfaced in multiple agencies, demonstrating a collaborative effort rather than isolated mistakes.

126.    Defendants committed numerous overt acts in furtherance of this conspiracy. These actions included forcibly removing Plaintiff from his vehicle without justification, placing him in solitary confinement, spraying chemical agents into his cell, referring him for baseless criminal charges, planting a firearm inside a pizza box to frame him for a felony,

fabricating a link between him and a stolen firearm in Eau Claire County, and providing false testimony during judicial proceedings. Each act advanced the common goal of criminalizing Plaintiff and silencing his efforts to expose misconduct.

127. The coordinated behavior of the involved agencies and officers shows that this conspiracy was motivated, in part, by racial animus and hostility toward Plaintiff because he is Black, because he actively challenged unlawful conduct by officers, and because he refused to remain silent about the mistreatment he witnessed and experienced.

128. As a result of this conspiracy, Plaintiff suffered violations of multiple constitutional rights, including the right to be free from unlawful seizures, the right to be free from fabricated evidence and false testimony, the right to equal protection of the laws, and the right to speak out without facing retaliation.

129. Plaintiff endured concrete injuries because of Defendants' conspiracy, including wrongful arrests, time spent in jail, harsh and punitive confinement conditions, physical harm from excessive force and chemical agents, emotional trauma, fear, humiliation, reputational damage, and severe financial losses arising from bond payments, legal expenses, and lost opportunities.

130. Defendants are liable under 42 U.S.C. § 1985(3) because they agreed to violate Plaintiff's rights, took overt acts to carry out that agreement, acted with improper motive, and caused Plaintiff to suffer substantial harm.

131. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

132.     Plaintiff brings this claim and seeks all available remedies under state and federal law, including but not limited to, compensatory and punitive damages, costs, fees, and attorneys fees under 42 U.S.C. § 1988.

## FOURTH CLAIM FOR RELIEF
### Failure to Prevent a Conspiracy under 42 U.S.C. § 1986
**(Against Defendants Schalinske, Riewestahl, Holbrook, Greener, Hakes, Dutton, Hoyer, Rokus, Frederick, Thomas, and Baken)**

133.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 132 of this Complaint with the same force and effect as if fully set forth herein.

134.     Plaintiff brings this claim under 42 U.S.C. § 1986. At all relevant times, the supervisory Defendants in Schalinske, Riewestahl, Holbrook, Greener, Hakes, Dutton, Hoyer, Rokus, Frederick, Thomas, and Baken had responsibility for the oversight, discipline, and supervision of the officers and employees under their command.

135.     Upon information and belief each of the named supervisory Defendants became aware, through direct observation, reports, grievances, and other information within their agencies, that officers were coordinating efforts to target Plaintiff. They learned of repeated complaints involving excessive force, fabricated evidence, improper charges, and punitive treatment inside the jails. Despite this knowledge, they failed to take any reasonable steps to intervene, investigate, or stop the escalating misconduct.

136.     These supervisory Defendants had the power and authority to prevent or reduce the harm caused by the conspiracy. They could have reassigned officers, initiated internal investigations, disciplined employees, implemented corrective policies, or directed subordinates to cease retaliatory conduct against Plaintiff. Instead, they allowed the same

officers to continue working on Plaintiff's cases and permitted continued collaboration across agencies without oversight.

137.    The supervisory Defendants either neglected or refused to prevent the unlawful conduct. They ignored Plaintiff's grievances, failed to review video evidence, accepted false reports without challenge, and permitted charges to proceed even when the underlying evidence was contradictory or fabricated. By failing to act, these supervisors effectively endorsed and enabled the conduct of the officers who were carrying out the conspiracy.

138.    As a result of the supervisory Defendants' failure to intervene, Plaintiff suffered significant harm. He endured multiple wrongful arrests, fabricated charges, abusive jail conditions, and retaliatory treatment. He was forced to post cash bail, comply with bond conditions, defend himself in criminal court, and live under the constant threat of further retaliation.

139.    The failure of the supervisory Defendants allowed the conspiracy to continue for years, and Plaintiff experienced substantial physical, emotional, financial, and reputational injury as a direct result of their neglect.

140.    The supervisory Defendants are liable under 42 U.S.C. § 1986 because they had actual knowledge of the misconduct, had the power to prevent or stop it, and refused or failed to take reasonable steps to do so.

141.    Plaintiff endured concrete injuries because of Defendants' conspiracy, including wrongful arrests, time spent in jail, harsh and punitive confinement conditions, physical harm from excessive force and chemical agents, emotional trauma, fear, humiliation, reputational damage, and severe financial losses arising from bond payments, legal expenses, and lost opportunities.

142.    Defendants are liable under 42 U.S.C. § 1985(3) because they agreed to violate Plaintiff's rights, took overt acts to carry out that agreement, acted with improper motive, and caused Plaintiff to suffer substantial harm.

143.    The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

144.    Plaintiff brings this claim and seeks all available remedies under state and federal law, including but not limited to, compensatory and punitive damages, costs, fees, and attorneys fees under 42 U.S.C. § 1988.

**SIXTH Claim for Relief:**
***Monell* – Unconstitutional Policy or Custom- 42 U.S.C. § 1983**
**U.S. Const. Amendment  XIV**
**(against Eau Claire County, Chippewa County, the City of Eau Claire, and the City of Altoona)**

145.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 143 of this Complaint with the same force and effect as if fully set forth herein.

146.    Plaintiff brings this claim under 42 U.S.C. § 1983 against Eau Claire County, Chippewa County, the City of Eau Claire, and the City of Altoona. Each municipal Defendant is liable because the constitutional violations described throughout this complaint resulted from their longstanding policies, customs, or practices that encouraged or permitted unlawful conduct by their officers.

147.    These municipalities maintained widespread practices that allowed officers to engage in retaliatory arrests, fabricate evidence, conduct baseless searches, use excessive force,

mistreat inmates, and pursue criminal charges without probable cause. These practices were not isolated or accidental. They occurred repeatedly across years, involved many different officers, and were known to supervisors who did nothing to stop them.

148.    One custom involved retaliating against individuals who filed grievances or criticized law enforcement. Plaintiff experienced this firsthand through punitive isolation, denial of bedding, exposure to cold temperatures, and the use of pepper spray inside enclosed cells. These actions followed his written complaints and open criticism of abuse inside the Eau Claire and Chippewa County jails.

149.    Another entrenched practice was the fabrication or manipulation of evidence to support criminal charges. Officers prepared misleading reports, created false associations between Plaintiff and unrelated individuals, planted physical evidence, and shaped narratives designed to portray him as a dangerous felon. These tactics were used in both the 2022 Eau Claire County firearm case and the 2023 Chippewa County arrest that involved the planted firearm inside a pizza box.

150.    Municipal Defendants also maintained a pattern of ignoring or discarding exculpatory evidence. Officers failed to review video footage, refused to correct false statements, and suppressed facts that would have undermined criminal charges. In the 2018 arrest, surveillance footage contradicted the officers' account, yet the municipality took no action to correct the false reports or discipline the responsible officers.

151.    A separate custom involved coordinating across jurisdictions to target Plaintiff. Officers in Eau Claire County, Chippewa County, and the City of Eau Claire exchanged information about Plaintiff, initiated simultaneous prosecutions, and repeatedly arrested him for minor or fabricated offenses. Over ten years, Plaintiff accumulated an unusually high number of municipal and traffic charges across the same small set of agencies. The pattern shows a coordinated effort rather than independent enforcement.

152.    Municipal Defendants also maintained a practice of allowing unconstitutional jail conditions to persist. Cold cells without bedding, the use of chemical agents as punishment, unsanitary conditions, and threats of prolonged isolation were common. Supervisors received repeated grievances and firsthand observations of these conditions, yet failed to create or enforce policies that protected inmate safety and constitutional rights.

153.    The municipalities failed to establish adequate procedures for reviewing officer conduct, investigating misconduct, or handling civilian complaints. Officers understood that they would not be held accountable, which encouraged repeated misconduct. Supervisors routinely approved or ignored false reports, incomplete investigations, and retaliatory actions.

154.    Together, these policies, customs, and practices created an environment where unconstitutional conduct was expected, encouraged, and accepted. Plaintiff's experiences reflect the natural and predictable outcome of systemic failures within each municipal Defendant's law enforcement structure.

155. As a direct result of these unconstitutional customs and practices, Plaintiff suffered multiple wrongful arrests, fabricated charges, abusive conditions of confinement, physical and emotional harm, financial losses, and lasting damage to his reputation.

156. Each municipal Defendant is liable under *Monell* because their policies and customs were moving forces behind the violation of Plaintiff's constitutional rights.

157. Plaintiff brings this claim and seeks all available remedies under state and federal law, including but not limited to, compensatory damages and costs.

158. Plaintiff additionally seeks attorney fees under 42 U.S.C. § 1988.

## SEVENTH CLAIM FOR RELIEF
## Municipal Liability under 42 U.S.C. § 1983
## (Failure to Supervise, Train, and Discipline)
### (Against Eau Claire County, Chippewa County, City of Eau Claire, and City of Altoona)

159. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 158 of this Complaint with the same force and effect as if fully set forth herein.

160. Plaintiff brings this claim under 42 U.S.C. § 1983 against Eau Claire County, Chippewa County, the City of Eau Claire, and the City of Altoona. Each municipal Defendant is liable because the constitutional violations described in this complaint were the direct result of their failure to adequately supervise, train, and discipline their officers and employees.

161. Each municipal Defendant maintained policies, customs, or practices that allowed officers to use excessive force, retaliate against individuals who filed grievances, fabricate evidence, make false reports, conduct baseless arrests, and coordinate across agencies to target specific individuals without lawful cause. These practices were longstanding, widespread, and well known to supervisors and command staff.

162.    The failures in supervision and training were especially apparent in the handling of grievances, use of force incidents, classification decisions, and arrest procedures involving Plaintiff. Despite Plaintiff's repeated reports of abuse, none of the involved municipalities conducted meaningful investigations, reviewed available video footage, interviewed witnesses in good faith, or corrected the actions of their officers.

163.    These failures created an environment where officers understood that misconduct would be ignored or excused. Officers repeatedly filed false reports and made misleading statements, knowing there would be no consequences. Jail staff used solitary confinement, chemical spray, denial of bedding, and other abusive conditions with the expectation that supervisors would support or ignore the conduct.

164.    Officers responsible for arresting Plaintiff in 2018, 2022, 2023, and during the firearm cases were not properly supervised or trained. Municipal Defendants failed to instruct officers on lawful arrest standards, proper reporting, the prohibition on retaliatory conduct, and the need to corroborate allegations before initiating criminal charges.

165.    These failures extended to detective-level investigations. Supervisors permitted Detective Ryan Greener and others to prepare reports containing fabricated relationships, false accusations, and unsupported allegations that Plaintiff possessed stolen firearms or body armor. No supervisor intervened or reviewed the accuracy of these materials before they were used to support criminal charges.

166.    Municipal Defendants also failed to train or supervise jail personnel to prevent conditions of confinement that violated the Constitution. Officers were permitted to place inmates in cold cells without bedding, spray pepper spray into enclosed spaces, or restrict basic necessities, all without meaningful oversight.

167.    These persistent failures show deliberate indifference to the rights of individuals, including Plaintiff. The municipalities ignored the obvious risks created by untrained and unsupervised officers, and they allowed unconstitutional conduct to become standard operating procedure.

168.    As a direct result of these failures to train, supervise, and discipline, Plaintiff suffered multiple false arrests, fabricated charges, abusive jail conditions, emotional trauma, financial harm, and long-lasting damage to his reputation and well-being.

169.    Municipal Defendants are liable because their policies, customs, and failures in training and supervision were moving forces behind the violations of Plaintiff's constitutional rights.

170.    Each municipal Defendant is liable under *Monell* because their policies and customs were moving forces behind the violation of Plaintiff's constitutional rights.

171.    Plaintiff brings this claim and seeks all available remedies under state and federal law, including but not limited to, compensatory damages and costs.

172.    Plaintiff additionally seeks attorney fees under 42 U.S.C. § 1988.

### EIGHTH CLAIM FOR RELIEF
### Municipal Liability under 42 U.S.C. § 1983
### (Ratification by Policymakers)
### (Against Eau Claire County, Chippewa County, City of Eau Claire, and City of Altoona)

173.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 172 of this Complaint with the same force and effect as if fully set forth herein.

174.    Plaintiff brings this claim under 42 U.S.C. § 1983 and alleges that Eau Claire County, Chippewa County, the City of Eau Claire, and the City of Altoona are liable because

high ranking officials with final policymaking authority ratified the unconstitutional actions of their officers.

175.    Eau Claire County, Chippewa County, the City of Eau Claire, and the City of Altoona each ratified the unconstitutional conduct of their officers through the actions and inaction of their senior policymakers. Sheriffs, police chiefs, chief deputies, and command staff within these municipalities received notice of the false arrests, fabricated evidence, retaliatory charging decisions, and targeted harassment directed at Plaintiff. Despite this knowledge, these municipal defendants took no meaningful steps to investigate the misconduct, discipline the officers involved, or correct the false narratives being advanced in Plaintiff's cases. By accepting false reports, allowing prosecutions to continue despite obvious defects, and refusing to intervene when officers engaged in retaliation, each municipal defendant adopted and approved the unlawful conduct as its own official practice. This ratification by policymakers made the misconduct systemic and directly contributed to the ongoing violations of Plaintiff's constitutional rights.

176.    Sheriffs, police chiefs, chief deputies, captains, and other senior officials were informed of the misconduct Plaintiff experienced, including fabricated reports, excessive force, false arrests, planted evidence, retaliatory charges, and unconstitutional jail conditions. Instead of taking corrective action, these policymakers approved, endorsed, or failed to question the actions of their subordinates.

177.    Policymakers routinely accepted false or misleading reports without scrutiny. They upheld disciplinary decisions that punished Plaintiff based solely on fabricated statements. They permitted criminal cases built on false narratives to move forward, including

the 2022 Eau Claire firearm case and the 2023 Chippewa County arrest involving the planted firearm in the pizza box.

178.    Supervisors were aware that officers had forcibly removed Plaintiff from his vehicle in 2018 despite video evidence disproving the officers' claims. Yet no corrective action was taken, and no officer faced consequences. This ratification encouraged further misconduct and signaled that violations of Plaintiff's rights would be tolerated.

179.    Policymakers also ratified the retaliatory treatment Plaintiff experienced in the jails. They received grievances describing cold cells, denial of bedding, pepper spray exposure, and threats of extended solitary confinement, yet they denied or ignored each complaint. These responses communicated that jail staff were free to continue punishing Plaintiff without oversight.

180.    In multiple instances, policymaking officials were directly involved in the misconduct. Detective Greener's fabricated firearm narrative was known to supervisory staff, yet they approved his reports, supported his testimony, and permitted the prosecution to go forward despite the absence of legitimate evidence.

181.    Policymakers in Chippewa County were aware of the circumstances surrounding the 2023 arrest, including the suspicious recovery of the firearm in the pizza box and the lack of any connection between Plaintiff and the weapon. They allowed the charges to proceed, ratifying the actions of the officers involved.

182.    Through these acts of approval, endorsement, and inaction, the municipalities adopted the unconstitutional conduct of their officers as their own policies. Their ratification made the violations systemic and ensured they would continue.

183.    As a direct result of policymakers ratifying unconstitutional actions, Plaintiff suffered multiple arrests, fabricated charges, abusive confinement, emotional trauma, financial burdens, and long-term damage to his well-being.

184.    Municipal Defendants are liable because their ratification of unconstitutional conduct was a moving force behind the injuries Plaintiff sustained.

185.    Each municipal Defendant is liable under *Monell* because their policies and customs were moving forces behind the violation of Plaintiff's constitutional rights.

186.    Plaintiff brings this claim and seeks all available remedies under state and federal law, including but not limited to, compensatory damages and costs.

187.    Plaintiff additionally seeks attorney fees under 42 U.S.C. § 1988.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Charles D. Marshall individually, requests an entry of judgment in his favor and against Eau Claire County, Eau Claire County Sheriff's Office, the Estate of Ron Cramer, Cory Schalinske, Dave Riewestahl, Travis Holbrook, Ryan Greener, Chippewa County, Chippewa County Sheriff's Office, Travis Hakes, Curt Dutton, Chad Hoyer City of Eau Claire, Jason Long, Matt Rokus, Bejamin Frederick, City of Altoona, Kelly Bakken, Does 1-20 and Roes 1-20 inclusive, as follows:

   A.    For compensatory damages an amount to be proven at trial;

   B.    For special damages;

   C.    For general damages;

   D.    For punitive damages against Schalinske, Riewestahl, Holbrook, Greener, Hakes, Dutton, Hoyer, Greener, Berg, Rokus, Frederick, Does 1-20 and Roes 1-20 in an amount to be proven at trial;

F.    For interest;

G.    For reasonable costs of this action, court costs, and attorneys' fees; and

H.    For such other and further relief as the Court may deem just, proper, and
      appropriate.


DATED:  November 13, 2025,


                              _s/ Frederick Melms_____

                              Frederick B. Melms Esq
                              Bar No. 1093957
                              frederick@melmslaw.com
                              MELMS LAW
                              219 S Main Street,
                              PO Box 81
                              Eagle River, WI 53217
                              Telephone:   (715) 892-3023


                              *Attorney for Plaintiff*


**PLAINTIFF DEMANDS A JURY ON ALL ISSUES SO TRIABLE.**


DATED:  November 13, 2025,

_s/ Frederick Melms_

Frederick B. Melms
Bar No. 1093957
frederick@melmslaw.com
MELMS LAW
221 S First Street
Eagle River, WI 53217
Telephone:   (715) 892-3023


_Attorney for Plaintiff_